# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>REBECCA LYNN ROBERTS,<br><br>                           Petitioner. | No.  52980-7-II<br><br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Rebecca Roberts seeks relief from personal restraint imposed as a result of her 2017 plea of guilty to vehicular homicide.[1]  The trial court imposed a mid-range standard range sentence of 90 months.

First, Roberts argues that the prosecutor committed misconduct when, during the sentencing hearing, the prosecutor incorrectly suggested that she had ingested benzodiazepine, in addition to alcohol and marijuana, prior to the crime.  Roberts's counsel did not object to that statement, so Roberts must show that the statement was so flagrantly erroneous and ill intentioned that a jury instruction could not have cured the prejudice from the arguments and that the prejudice had a substantial likelihood of affecting the jury's verdict.  *State v. Scherf*, 192 Wn.2d 350, 393-94, 429 P.3d 776 (2018).  Roberts's counsel, later in the sentencing hearing, corrected the misstatement by informing the court that while there were benzodiazepines in Roberts's blood

---

[1] The trial court entered Roberts's judgment and sentence on January 10, 2018, making her January 9, 2019 petition timely filed.  RCW 10.73.090(3)(a).

sample, they were administered by first responders at the scene after the accident. The trial court made no reference to the benzodiazepines. Roberts does not show any reasonable likelihood that she was prejudiced by the prosecutor's misstatement or a substantial likelihood that the misstatement had an effect on the trial court's sentencing decision. Thus, she does not show prosecutorial misconduct.

Second, Roberts argues that her counsel was ineffective because she did not argue for an exceptional sentence below the standard range. To establish ineffective assistance of counsel, she must demonstrate that her counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of her case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We presume strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011).

Roberts does not show that her counsel performed deficiently. She does not show that any of the mitigating circumstances contained in RCW 9.94A.535(1) were present such that her counsel should have argued for an exceptional sentence below the standard range. The fact that Roberts's insurer compensated the estate of her victim does not constitute a defendant's efforts to compensate the victim such that it would serve as a mitigating circumstance under RCW 9.94A.535(1)(b). And Roberts's counsel did argue for a sentence at the bottom of the standard range. Thus, Roberts fails to demonstrate that she received ineffective assistance of counsel.

No. 52980-7-II

Roberts does not present grounds for relief from restraint. We therefore deny her petition and deny her request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK, J.

We concur:

MAXA, C.J.

GLASGOW, J.